UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ENRIQUE FACUNDO,

                Plaintiff,[1]

                -against-

IMMIGRATION AND NATURALIZATION
SERVICE; I.C.E; H.L.S. ET. AL.;
PAROLE COMMISSION AGENCY, ET. AL.;
BUREAU OF PRISONS ET. AL.;
DRUG ENFORCEMENT ADMINISTRATION ET.
AL.; J. BROWN, DOING BUSINESS AS
J. BROWN ICE AGENT; CHARLIE DONALD,
RESPONDENTS/DEFENDANTS NOW AND
INCLUDED ALL PREVIOUS ONE INVOLVED
IN THEIR UNLAWFUL ACTS...SINCE 1980
DOING BUSINESS AS CHARLIE DONALD,
BUREAU OF PRISON'S SECURITY GUARD, ET.
AL.,

                Defendants.
-------------------------------------------------------------x

**ORDER AND CIVIL JUDGMENT**
09-CV-3526 (ARR)

ROSS, United States District Judge:

      Plaintiff, proceeding *pro se,* filed this action which he entitled "declaratory judgment expatriation/repatriation constructive legal notice," with this Court on June 22, 2009. By order dated September 15, 2009, the Court liberally construed this action as a complaint and granted plaintiff permission to proceed *forma pauperis* pursuant to 28 U.S.C. § 1915. However, the Court

---

[1] Plaintiff's submission also includes Angelina Facundo as an "obligee" or "secured party creditor." However, the Court only received an *in forma pauperis* application from Enrique Facundo and therefore, the Court will only address Enrique Facundo's claims. Furthermore, Enrique Facundo cannot represent or appear on behalf of Angelina Facundo as he is not a licensed attorney. Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (an unlicensed individual "may not appear on another person's behalf in the other's cause").

having found that the true gravamen of plaintiff's complaint was incomprehensible, granted plaintiff permission to file an amended complaint within thirty (30) days, which complies with Fed.R.Civ.P. 8(a). Plaintiff was advised that if he failed to submit an amended complaint within the allowed time, the Court would enter a judgment dismissing the complaint.

Thereafter, plaintiff sent a letter to this Court which requested that all correspondence be sent to his son's address. Accordingly, on October 28, 2009, this Court mailed a copy of the Court's September 15, 2009, memorandum and order to the address that plaintiff provided. More than thirty days has elapsed since the Court's memorandum and order was mailed to the address that plaintiff provided at the time he filed his complaint, as well as the new address that plaintiff later provided. Accordingly, it is:

**ORDERED, ADJUDGED AND DECREED**: that the complaint is hereby dismissed. 28 U.S.C. § 1915A(b); Fed.R.Civ.P. 8(a). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
Dec. 2, 2009

**Service List:**

Plaintiff (PRO SE):

Enrique Facundo
c/o Enrique E. Richard Facundo, Jr.
176-25 Union Turnpike, Suite #222
Fresh Meadows, NY 11366